BILLY G. BRIDGES, Commissioner for the Court:[1]
The Chancery Court of DeSoto County, Mississippi enjoined the foreclosure of a deed of trust executed by the appellee Lance in favor of appellant Bank of Mississippi dated May 3, 1973, covering certain real property in DeSoto County, Mississippi, and securing an installment promissory note in the principal amount of $6120 payable in monthly installments of $170 on the 3rd day of each month commencing June 3, 1973, and which said deed of trust contained a provision as follows:
In addition to the above, it is intended that this conveyance shall secure and it does secure any and all debts, obligations or liabilities direct or contingent of the grantor herein, or either of them, to the beneficiary, whether now existing or hereafter arising at any time before actual cancellation of this instrument on the public records of mortgages and deeds of trust, whether the same be evidenced by note, open account, overdraft, endorsement, guaranty, or otherwise.
Appellee was obligated to the appellant Bank of Mississippi (formerly Bank of Olive Branch, Mississippi) on a number of other debts which were evidenced by promissory notes wherein he was either maker, endorser or grantor, some of which said notes preceded the May 3, 1973 note and deed of trust and some of which were subsequent thereto.
In addition to the above, appellee Bobby Lance, Sr. was also the co-maker on a promissory note in favor of appellant bank dated April 12, 1974, and covering certain real property in. Panola County, Mississippi, which was described as the collateral in a deed of trust securing said note in the amount of $60,000 and which said deed of trust had been foreclosed after default thereon for an amount of $65,615.06 owing thereon, including principal, accrued interest, foreclosure fees, and costs, and the bank purchased the property at foreclosure for $15,000 and now alleges a $50,615.06 deficiency.
Appellant bank did not proceed to file any suit in the proper court in order to obtain a deficiency judgment in said amount of $50,615.06 but now alleges that same constitutes a debt within the above-mentioned dragnet clause and is basis for foreclosure of the May 3,1973 deed of trust in DeSoto County in the same manner that default in the indebtedness secured by said May 3,1973 deed of trust or any other loans and debts in favor of the bank and owing by appellee Lance would be. The attempted foreclosure enjoined by the court below was commenced by publication of notice thereof in the “DeSoto County Times” on March 20, 1975.
*86 Appellant bank alleges that at least three other notes owed by appellee Lance to the bank were past due on the said date of March 20, 1975, when said appellee Lance tendered checks to the bank for such delinquent loans. Said appellant further argues that one of said notes was the original $6120 note secured by the May 3, 1973 deed of trust.
On April 1, 1975, James W. Amos, attorney for appellant bank wrote appellee Lance a letter in behalf of appellant bank, and said:
I am enclosing the checks for three payments on loans at the Bank of Mississippi that were paid by you on March 26, 1975. These checks were received after foreclosure proceedings had been commenced against your property in Nesbit.
As you know, Bank of Mississippi holds a note on M. B. J. Company, Inc., which you personally endorsed. The bank has taken the position that all property upon which it holds a deed of trust or secured instruments also stands as security against the unpaid balance of the M. B. J. note.
It is from this letter that we think the court below decided that appellant bank commenced its foreclosure on the May 3, 1973 deed of trust as a result of the alleged deficiency due on the Panola County foreclosure (the M. B. J. Company, Inc. note mentioned in said letter) rather than from the delinquent notes due by appellee Lance to appellant bank and which said appellee attempted to reinstate pursuant to Section 89-1-59, Mississippi Code Annotated (1972), as amended and supplemented, by payment of the three checks dated March 20, 1975 and received by the bank on March 26,1975.
We think the main question for this Court to decide is whether an alleged deficiency to the bank from a foreclosure of the deed of trust in Panola County, but not reduced to a liquidated claim or judgment in a court of proper jurisdiction, can be the sole basis for foreclosure of another deed of trust in DeSoto County, Mississippi, containing a dragnet clause as herein mentioned.
The chancellor found and ordered that the original indebtedness of Lance to appellant bank and which was secured by the deed of trust on lands in DeSoto County, Mississippi (the May 3, 1973 deed of trust) was an installment contract which could be reinstated at any time by payment of all default; that attempt was made to make such payments and that the defendant, Bank of Mississippi, refused to receive or accept same; that the personal endorsement and guaranty by Lance of a certain promissory note of M. B. J. Company, Inc., in the sum of $60,000 was not secured by the deed of trust which the Bank of Mississippi attempted to foreclose; that a determination of whether or not the waiver executed by Bessie Beam to Bank of Mississippi, which subordinated her prior existing valid first mortgage lien to Bank of Mississippi, was limited to the debt described in and secured by said deed of trust in favor of which she waived her first lien, or whether she waived in favor of the endorsement of Lance of paper in Panola County, Mississippi, is not necessary at this time in view of the holding of the Court that the deed of trust in DeSoto County, Mississippi did not secure the indebtedness alleged by Bank of Mississippi, to be due on a deficiency foreclosure in Panola County, Mississippi; and that appellant bank should be permanently enjoined from proceeding further to foreclose the lands and property of Bobby G. Lance, Sr. under the terms and provisions of the deed of trust dated May 3,1973 and recorded in Book 158 at Page 452 of the Records of Real Estate Trust Deeds of De-Soto County, Mississippi, in favor of Bank of Olive Branch, Olive Branch, Mississippi insofar as same covers any alleged deficiency or other indebtedness arising out of the transaction in Panola County, Mississippi (the M. B. J. Company, Inc. note and deed of trust) herein mentioned and set forth.
We think the findings and opinion of the chancellor were correct and proper and that the tender of payment by appellee Lance should have been received by the bank as reinstatement of the debt and not refused on the grounds of the alleged deficiency arbitrarily calculated by appellant bank and *87 used as grounds for such attempted foreclosure.
The opinion of the Chancellor is, therefore, affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.